# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| CARMEN PATTERSON, | : |
| Plaintiff, | : |
| v. | : Civil Action No.<br>: 5:10-CV-242 (HL) |
| MIDLAND MORTGAGE CO., | : |
| Defendant. | : |

## ORDER

Plaintiff Carmen Patterson filed a pro se complaint in this Court on June 18, 2010 (Doc. 1). Her complaint is mostly gibberish and unintelligible. Although the complaint cites truth in lending and contract law violations, there are no facts presented from which the Court can discern a cause of action.

The Defendant has not been served, but Plaintiff has paid the filing fee and does not seek to proceed in forma pauperis ("IFP"). If Plaintiff was proceeding IFP then the Court would screen her complaint pursuant to 28 U.S.C. § 1915(e)(1) and dismiss it for failure to state a claim. Because Plaintiff is not proceeding IFP, the Court may not dismiss her case sua sponte unless it provides plaintiff with notice of its intent to dismiss the complaint and an opportunity to respond. Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc., 695 F.2d 524, 527 (11th Cir. 1983); Morris v. Bush, 2008 WL 4525016, at *1 (N.D. Fla. Oct. 6, 2008).

In this case the Court intends to dismiss Plaintiff's complaint, but before doing

so, the Court will allow Plaintiff the opportunity to amend her complaint to describe the actions the Defendant allegedly took, how those actions harmed her, and what statutes or law she seeks relief under.[1] Her amended complaint must be filed no later than July 6, 2010. If she fails to amend her complaint to state a claim, then the complaint will be dismissed.

**SO ORDERED**, this the 22nd day of June, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc

---

[1] A complaint must "contain either direct or inferential allegations respecting all the material elements [of a claim]." Fin. Sec. Assur., Inc. v. Stephen, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (quotations and citations omitted). The factual allegations in the complaint must also "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 500 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 I.Ed.2d 929 (2007). This means the plaintiff must do more than use labels and conclusions, and he must include more than a formulaic recitation of the elements of a cause of action. Id.